# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

Jungsup Kim (JK4776)
Attorney at Law of New Jersey
(551) 587-8803

Attorney(s) for Plaintiffs
Korean American Chamber of Commerce U.S.A., LLC,
Richard Chung Cho

| | |
|---|---|
| **KOREAN AMERICAN CHAMBER OF COMMERCE U.S.A, LLC** a/k/a HANSANG KACCUSA; and **RICHARD CHUNG CHO**<br><br>                    Plaintiffs,<br><br>     v.<br><br>**OVERSEAS KOREAN AGENCY (OKA)**; **KI CHUL LEE** a/k/a Kichul Lee or Gichul Lee, an individual; **KYUNG CHEOL LEE** a/k/a Kyung Chul Lee or Gyung Cheol Lee, an individual; **SANG IL NO** a/k/a Sang Il Noh, an individual; Gi Whan Ha, an individual; **GI HWAN HA**, an individual; **CHAN HO PARK**, an individual; and various John Does, Jane Does and ABC Companies<br><br>                    Defendants. | Civil Action No. : _____<br><br><br>**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT**<br>**(Filed Electronically)** |

Plaintiffs Korean American Chamber of Commerce U.S.A., LLC, and Richard C. Cho (hereinafter "Plaintiffs" together) for their Complaint against Defendants Overseas Korean Agency, former Overseas Korean Foundation and Kyu-Hyung Cho hereby alleges as follows:

## THE PARTIES

1.     Plaintiff **KOREAN AMERICAN CHAMBER OF COMMERCE U.S.A., LLC** a/k/a United Korean American Chamber of Commerce, KACCUSA and/or HANSANG

1

KACCUSA (hereinafter "**KACCUSA**") is and at all relevant times herein was, a New Jersey Limited Liability Company.

2.    Plaintiff **RICHARD CHUNG CHO** (hereinafter "**CHO**") is now, and at all times relevant to this action was, an individual residing in the County of Bergen, New Jersey.

3.    Defendant **OVERSEAS KOREAN AGENCY** ("**OKA**" ) is now and at all times relevant to this action was, an organization established in the year 2023 in Seoul, South Korea with a New York branch office located at 460 Park Avenue, 6th Floor, New York, State of New York.

4.    Defendant **KI CHUL LEE** ("**LEE-1**") is now, and at all times relevant to this action was, an individual residing in Seoul Korea.  LEE-1 is Chairman and/or Representative of OKA.

5.    Defendant **KYUNG CHEOL LEE** ("**LEE-2**") is now, and at all times relevant to this action was, an individual residing in State of Georgia.

6.    Defendant **SANG ILL NO** ("**NO**") is now, and at all times relevant to this action was, an individual residing in State of California.

7.    Defendant **GI HWAN HA** ("**HA**") is now, and at all times relevant to this action was, an individual residing in State of California.

8.    Defendant **CHAN HO PARK** ("**PARK**") is a former professional baseball player, now, and at all times relevant to this action was, an individual residing in Republic of Korea.

9.    Defendants **JOHN DOES, JANE DOES** and **ABC COMPANIES** are numerous independent unlicensed peddlers, manufacturing, servicing, consulting, and distributing companies who will be attempting to unauthorizedly use the trademarks and logo(s); embodying

the HANSANG and/or KACCUSA name, trademark, logos and/or likenesses. The identities of the Defendants are not presently known and cannot be known unless they voluntarily permit themselves to be identified.

## JURISDICTION AND VENUE

10.     This Court has original jurisdiction over the First Cause of Action under 15 U.S.C. §1121(a) (action arising under the Lanham Act) and 28 U.S.C. §§1331, 1338(a) (federal question) in that this case arises under the Trademark Laws of the United States, 15 U.S.C. §§1051-1127.

11.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because, among other things, the facts giving rise to the acts or omissions alleged herein took place at least in part in this District and/or because Plaintiff KACCUSA is subject to personal jurisdiction in this District.

## FACTURAL BACKROUND

12.     This matter concerns the trademark infringement by Defendants including Overseas Korean Agency against the owner of the following registered trademark: "HANSANG" and "KACCUSA" U.S. Trademark Registration No. 86443547. See the Registration Certificate issued by the United States Patent and Trademark Office ("USPTO") attached hereto as **Exhibit A.**

13.     **CHO** has been Chairman of KACCUSA and is 100% owner of **KOREAN AMERICAN CHAMBER OF COMMERCE U.S.A, LLC** ("KACCUSA") which legally and officially holds the trademark "HANSANG" "KACCUSA" and relevant logos as follows:



14.    **KACCUSA** had been a nationwide organization of Korean American businesses in the United States whose goal is to further the interests of the businesses, their business owners nationwide and advocating on behalf of the Korean American business community until 2018 when CHO was President of the organization. Since 2018 other persons and organization illegally utilized KACCUSA https://www.kaccusa.us/  and **HANSANG**.  After he found these serious infringements, CHO filed and registered the historical trademarks and logos with the USPTO, in order to protect the trademarks and logo from the illegal use.

15.    Upon information and belief, **OKA** is a Korea-based non-profit organization using the capabilities of overseas Koreans for national development of South Korea, and ultimately make them support the overseas Korean residing all over the world.

16.    **OKA** is operating, upon information and belief, https://www.hansang.net/hansang/intro.do , other websites, SNS etc. (hereinafter "Infringing Website") infringing HANSANG trademark and similar logo as follows:



17.    **HANSANG** (한상 in Korean) means an Overseas Korean Businesspersons or World Korean Business Convention and/or association which has been used by **KACCUSA**

4

since 1982 when it was voluntarily established by Korean-American business persons in the United States.

18.     **LEE-1** as President of OKA has been helping other defendant use or directly unauthorizedly using KACCUSA and HANSANG trademarks without any authorization and/or permission from KACCUSA and/or CHO.

19.     **LEE-2** has been illegally presenting him in public as President of KACCUSA (Korean American Chamber of Commerce USA) and has been using KACCUSA and HANSANG trademarks without any authorization and/or permission from KACCUSA LLC and/or CHO.

20.     **NO** has been presenting him in public as President of Korean American Chamber of Commerce Orange County - and has been helping other defendant use or directly using KACCUSA and HANSANG trademarks without any authorization and/or permission from KACCUSA LLC and/or CHO.

21.     Upon information and belief **PARK**, as a WKBC Ambassador, has been allegedly helping other defendant use or directly using KACCUSA and HANSANG trademarks without any authorization and/or permission from KACCUSA and/or CHO.

22.     Upon information and belief, **HA** has been President of Hannam Supermarket has been helping other defendant use or directly using KACCUSA and HANSANG trademarks without any authorization and/or permission from KACCUSA and/or CHO.

23.     Upon information and belief, Defendants various **JOHN DOES** and **JANE DOES** are residents of or transact and do business in and/or will be present in the United States, Republic of Korea and all over the worlds or are now conspiring to travel and otherwise traveling

5

to the other states or countries and ore subject to the federal jurisdiction of the Court. The identities of the various John Does and Jane Does are not presently known.

24.     Upon information and belief, Defendants **ABC COMPANIES**, through their agents, servants, and employees, transact and do business in and/or will be present in the United States of America, Republic of Korea and worldwide or now conspiring to travel and otherwise traveling to other states and/or countries and are subject to the federal jurisdiction of this Court. The identities of the **ABC COMPANIES** are not presently known.

## FERST CAUSE OF ACTION

## FEDERAL TRADEMARK INFRINGEMENT

### (15 U.S.C. §1114)

25.      Plaintiffs reallege and incorporate herein by reference the allegations contained in all preceding paragraphs of the Complaint as part of this cause of action.

26.     Plaintiffs hold a valid and existing federal registration for the Mark.

27.     Defendants plan to hold the 2023 World Business Convention (World HANANG Convention) in California during the period from October 11, 2023 to October 14, 2023.

28.     The World Hansang Conventions or World Korean Business Conventions has been held in Republic of Korea using the trademarks and logo for the last 20 years and average revenue form the conventions has been recorded more than **200 Millian Dollars**. In 2022 the revenue was **360 Million Dollars**.

29.     Since June 2023 when OKA was established, Defendants marketed, advertised, and sold, and continues to market, advertise, and sell their tickets for the said the unauthorized convention using HANSANG and KACCUSA trademarks and similar logo through the

Infringing Website, direct mails, and electronic mails throughout the United States, which are the same and/or confusingly similar to Plaintiffs' trademarks and activities.

30.    Defendants' activities as alleged herein have caused, and are likely to continue to cause confusion, mistake, or deception of customers in Korean-American community in the United States and all over the world to the detriment of Plaintiffs.

31.    Plaintiffs have no control over the current quality of services provided by Defendants, and because of the confusion as to the source of the services engendered by Defendants, Plaintiffs' valuable goodwill in respect to its Mark is at the mercy of Defendants.

32.    The goodwill of Plaintiffs' business, although not-for-profit, is of enormous value, and Plaintiffs will suffer irreparable harm should infringement be allowed to continue to the detriment of its trade reputation and goodwill.

33.    Defendants' use of the Mark as alleged herein, and marketing, advertising and services using the Mark throughout the United States was done without the knowledge, consent or permission of Plaintiffs and continues without the consent or permission of Plaintiffs.

34.    Defendants have violated the trademark rights of Plaintiffs under the Trademark Act, thereby giving rise to a cause of action under 15 U.S.C. § 1114.

35.    Plaintiffs will be irreparably harmed unless Defendants are temporarily, immediately and permanently enjoined from any further use of the Mark and any further marketing, advertising or services using the Mark.

36.    Plaintiffs have no adequate remedy at law and serious damage to their trademark rights will result unless Defendants' wrongful use of the Mark is enjoined by the Court.

37.    Plaintiffs also are entitled to an order requiring the Infringing Website to stop the use of the Mark in it.

38.     Defendants have continued to use the Mark notwithstanding that they have actual knowledge of Plaintiffs' superior trademark rights as alleged herein. Defendants' infringement of the Mark accordingly constitutes intentional, willful, knowing, and deliberate trademark infringement. Plaintiffs therefore seek judgment in the amount of three (3) times their damages, together with reasonable attorney's fees pursuant to 15 U.S.C. §1117(a).

39.     Defendants' infringement of the Mark as alleged herein has caused, and will continue to cause Plaintiffs to suffer damages in an amount unknown at this time and has caused, and will continue to cause, Defendants to gain revenues and/or profit in an amount unknown at this time except that the monetary damage should be at least **400 Million Dollars** pursuant to the Paragraph 16 above. Pursuant to 15 U.S.C. §1117(a), Plaintiffs are entitled to an award of monetary damages in an amount equal to the losses suffered by Plaintiffs or the revenues and/or profits gained by Defendants, which damages should be augmented as provided 15 U.S.C. §1117(a).

40.     Pursuant to 15 U.S.C. §1117(a), any monetary damages awarded to Plaintiffs should be trebled.

41.     Pursuant to 15 U.S.C. §1117(a), Plaintiffs are entitled to an award of attorney fees and costs of suit.

## SECOND CAUSE OF ACTION

## VIOLATION OF 15 U.S.C. §1125(a)

42.     Plaintiffs reallege and incorporate herein by reference the allegations contained in all preceding paragraphs of the Complaint as part of this cause of action.

43.     Defendants' acts are in violation of 15 U.S.C. §1125(a) in that Defendants will use, in connection with goods and services, a false designation of origin and have caused and will continue to cause those goods and services to enter into interstate commerce.

44.     Plaintiffs have no adequate remedy at law and, if Defendants' activities are not enjoined, will suffer irreparable harm and injury to Plaintiffs' images and reputations as a result thereof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for relief against Defendants as follows:

45.     For a **temporary, preliminary, and permanent injunction restraining and enjoining Defendants**, and its agents, servants, employees, and all others in active concert or participation with them, as follows:

46.     For an order that United States Marshall(s), state county and/or local law enforcement authorities to seize and impound any and all of the goods and services including the Convention described in Paragraph 27 above.

47.     For an order requiring the transfer and/or cease of the Infringing Website(s).

48.     For an order requiring the cease of the Infringing activities including the 2023 World Korean Business Convention.

49.     For an order that Defendants issue a press release stating that they are ceasing all use of the name "**HANSANG**" "**KACCUSA**" and that the Mark "**HANSANG**" and its logo has been owned by Plaintiffs.

9

50.     For an award of damages suffered by Plaintiffs, plus any revenues and/or profits earned by Defendants as a result of Defendants' trademark infringement in an amount to be proven at trial.

51.     For an award of augmented damages as alleged herein pursuant to 15 U.S.C. §1117(a).

52.     For an award of **PUNITIVE AND EXEMPLARY DAMAGES** in an amount to be proven at trial, but sufficient to punish and deter the Defendants.

53.     For an award of attorney fees and litigation expenses and costs to the maximum extent allowed by law.

54.     For such other and further relief as the court deems just and proper.

Dated:  August 12, 2023                    s/Jungsup Kim_____
                                           Jungsup Kim (JK4776)
                                           92 Saemunan-ro, Jongno-gu, Ste. 1707
                                           Seoul 03186 Republic of Korea

                                           **[New Jersey Office]**
                                           140 Sylvan Ave., Ste 204
                                           Englewood Cliffs, NJ 07632

                                           (551) 587-8803
                                           kimjungsup.esq@gmail.com

                                           Attorney for Plaintiffs


## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I certify that the matter in controversy is not the subject of any other action pending in any court, arbitration, or administrative proceedings.

Dated:  August 12, 2023                    s/Jungsup Kim_____
                                           Jungsup Kim