<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KOREAN AMERICAN CHAMBER OF COMMERCE U.S.A. LLC a/k/a HANSANG KACUSSA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> OVERSEAS KOREAN AGENCY, *et al.*, <br><br> Defendants. | Case No. 2:23-cv-04387-BRM-JSA <br><br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiffs Korean American Chamber of Commerce U.S.A. LLC ("KACCUSA") and Richard Chung Cho's ("Cho") (together, "Plaintiffs") motion "for Preliminary Injunction as an Emergent Relief and Seizure Order" to halt Defendants' "attempts to promote, host and hold the said Convention using the Plaintiffs' trademark, manufacturing, gifting, and/or selling any kind of goods, gifts, documents and websites falsely bearing the trademark and logo of the Plaintiffs." (ECF No. 17.) On October 3, 2023, several defendants ("Defendants")[1]

---

[1] To date, only the following defendants appeared and opposed the motion:
  1. Overseas Korean Agency (ECF No. 23 at 1.)
  2. Key Cheol Lee (identified in the Complaint as "Ki Chul Li" (ECF No. 25 at 1.)) (ECF No. 23 at 1.)
  3. Kyung Chul Lee (identified in the Complaint as "Kyung Cheol Lee" (ECF No. 25 at 1.)) (ECF No. 23 at 1.)
  4. Shang Il Roh (identified in the Complaint as "Sang Il No" (ECF No. 25 at 1.)) (ECF No. 23 at 1.)
  5. Kee Whan Ha (identified in the Complaint as "Gi Hwan Ha" (ECF No. 25 at 1.)) (ECF No. 23 at 1.)
  6. Chan Ho Park (ECF No. 23 at 1.)

filed an opposition to the application. (ECF No. 23.) On October 16, 2023, Plaintiffs filed a reply to Defendants' opposition. (ECF No. 33.) On October 25, 2023, the Court ordered Plaintiffs to file a letter showing cause for why the preliminary injunction should not be denied as moot, and why the oral argument for October 31, 2023 should not be cancelled. (ECF No. 39.) On October 27, 2023, Plaintiffs filed a letter in response to the Court's order. (ECF No. 40.) For the reasons set forth below and for good cause having been shown, Plaintiff's application for a preliminary injunction is **DENIED**.

## I. BACKGROUND

### A. Factual Background

Plaintiff KACCUSA is a nationwide organization of Korean American businesses which aims to advocate on behalf of the Korean American business community. (ECF No. 25 ¶ 23.) KACCUSA has held World Korean Business (HANSANG) Conventions since 1982, utilizing the "KACCUSA", "HANSANG", and "HANSANG" logo trademarks (together, the "Trademarks") (ECF No. 17-3 at 2.) The Trademarks and logo were registered with the USPTO in 2015. (*Id.* at 3.)

Defendants dispute that Plaintiffs have been holding HANSANG Conventions since 1982, instead claiming that Defendant OKA has been hosting said conventions. (ECF No. 23 at 12.) They

---

The following defendants have not yet made an appearance or opposed the motion:
1. City of Anaheim
2. 2023 World Korean Business Convention Committee
3. Samsung Electronics Co.
4. Samsung Electronics America Inc.
5. Heung Min Son
6. Nonghyup Bank Co. Ltd.
7. Jong-Won Baek
8. Hope Bank Inc.
9. Hanmi Financial Corporation
10. The various John Does, Jane Does, and ABC Companies

claim that Plaintiff Cho runs a splinter KACUSSA distinct from the original KACUSSA, which is affiliated with OKA. (*Id.*) Plaintiff Cho allegedly established this splinter organization in 2015 after leaving the original organization. (*Id.*)

Defendants held the 2023 World Korean Business Convention (the "Convention") between October 11, 2023 and October 14, 2023 at Anaheim Convention Center in Anaheim, California. (ECF No. 17-3 at 11–12.)

### B.    Procedural History

On August 12, 2023, Plaintiffs filed their Complaint, alleging the following causes of action: (1) Federal Trademark Infringement under 15 U.S.C. §1114 and (2) False Designation of Origin under 15 U.S.C. §1125(a). (ECF No. 1 ¶¶ 25–44.)

On October 4, 2023, Plaintiffs filed an Amended Complaint alleging the same causes of action as the original Complaint. (ECF No. 25 ¶¶ 34–53.)

On September 24, 2023, Plaintiffs filed a motion for a preliminary injunction. (ECF No. 17.) On October 3, 2023, Defendants filed an opposition to the motion for a preliminary injunction. (ECF No. 23.) On October 16, 2023, Plaintiffs filed a reply to Defendants' opposition to the motion for a preliminary injunction. (ECF No. 33.) On October 25, 2023, the Court ordered Plaintiffs to file a letter showing cause for why the preliminary injunction should not be denied as moot, and why the oral argument for October 31, 2023 should not be cancelled. (ECF No. 39.) On October 27, 2023, Plaintiffs filed a letter in response to the Court's order. (ECF No. 40.)

### II.   LEGAL STANDARD

Preliminary injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson-Merck Consumer Pharms. Co.*, 290

F.3d 578, 586 (3d Cir. 2002)). The primary purpose of preliminary injunctive relief is "maintenance of the status quo until a decision on the merits of a case is rendered." *Acierno v. New Castle Cty.*, 40 F.3d 645, 647 (3d Cir. 1994).

In order to obtain a temporary restraining order or preliminary injunction, the moving party must show:

> (1) a reasonable probability of eventual success in the litigation, and (2) that is will be irreparably injured . . . if relief is not granted . . . . [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

*Reilly v. Cty. of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (quoting *Del. River Auth. v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 919-20 (3d Cir. 1974)).

The movant bears the burden of establishing "the threshold for the first two 'most critical' factors . . . . If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 179. A court may issue an injunction to a plaintiff "only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief." *AT&T v. Winback & Conserve Program*, 42 F.3d 1421, 1427 (3d Cir. 1994); *see also P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005) ("The burden lies with the plaintiff to establish every element in its favor, or the grant of a preliminary injunction is inappropriate."); *Ferring*, 765 F.3d at 210. A preliminary injunction also should not be issued where material issues of fact are in dispute. *Vita-Pure, Inc. v. Bhatia*, 2015 U.S. Dist. LEXIS 42655, 2015 WL 1496396, at * 3 (D.N.J. Apr. 1, 2015) (denying injunction where factual disputes "preclude a determination that Plaintiffs have established a likelihood of success on the merits"); *Watchung Spring Water Co. v. Nestle Waters N. Am. Inc.*,

4

2014 U.S. Dist. LEXIS 151178, 2014 WL 5392065, at *2 (D.N.J. Oct. 23, 2014), *aff'd*, 588 F. App'x 197 (3d Cir. 2014).

### III.   DECISION

Plaintiffs seek a preliminary injunction enjoining Defendants from advertising, promoting, or using any materials allegedly bearing Plaintiffs' trademark for the Convention. (ECF No. 17-6 at 2.) Plaintiffs also generally ask for an injunction that all Defendants' materials bearing their trademark be disposed, even if unrelated to the Convention. (*Id.*)

Plaintiffs claim that Defendants are using materials bearing their trademark to promote the Convention, and that this usage will cause a likelihood of confusion between Plaintiffs' and Defendants' services. (ECF No. 17-3 at 4–7.) Plaintiffs argue that Defendants' use of their marks will cause long-term damage to their reputation that cannot be monetarily compensated. (*Id.* at 7–9.)

Defendants allege that they have not been adequately served in this action (ECF No. 23 at 25–27), and that this court lacks personal jurisdiction over them due to insufficient contacts with New Jersey. (*Id.* at 27–32.) On the merits, Defendants argue that Plaintiffs' and Defendants' HANSANG marks bear no similarity in design, that Defendants' mark has caused no actual confusion, and that Defendants' mark has been in use for longer than Plaintiffs' mark without confusion. (*Id.* at 19–22.)

Plaintiffs, in their reply, argue that they do not need to show actual confusion to prevail, and that Defendants' use of the mark creates "initial interest" confusion which will draw initial consumer interest to Defendants, despite the consumer being able to distinguish the two marks with further research. (ECF No. 33 at 4.) Plaintiffs also argue that, although the marks are not identical, they are confusingly similar, in part because they are used in the Korean community for

5

the same purpose of advertising Korean business conventions. (*Id.* at 5–8.) On the jurisdictional issues, Plaintiffs argue that they adequately effected service on all defendants, either directly or through their employees, and that Defendants have sufficient contacts with New Jersey as they were selling tickets to the Convention online to New Jersey consumers. (*Id.* at 10–18.)

Before addressing the preliminary injunction factors, the Court must first determine if Plaintiffs' motion for a preliminary injunction is moot due to the Convention having been held. *Shapiro v. Barber*, 2022 WL 16748733 (D.N.J. 2022) (finding that a court should not address the preliminary injunction factors before first determining mootness issues); *see also Hargis, Jr. v. Atl. Cnty. Just. Facility*, 2010 WL 5464253, at *2 (determining mootness before moving to the preliminary injunction factors). For the reasons set forth below, Plaintiffs' motion for a preliminary injunction is moot.

A U.S. federal court can only adjudicate live cases and controversies. *Rendell v. Rumsfeld*, 484 F.3d 236, 240 (3d Cir. 2007). Article III of the United States Constitution states, "The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution." U.S. Const. art. III, § 2. The exercise of judicial power therefore "depends upon the existence of a case or controversy." *Rendell,* 484 F. 3d at 240 (quoting *Int'l Bhd. of Boilermakers v. Kelly*, 815 F.2d 912, 914 (3d Cir. 1987)). In order to constitute a case or controversy, a dispute must be, *inter alia*, "a legal controversy that is real and not hypothetical," *Id.* (quoting *Boilermakers*, 815 F.2d at 914)

One exception to this requirement is the "capable of repetition" exception, which allows a court to adjudicate a case that would otherwise be considered moot for being hypothetical if "(1) the challenged action is, in its duration, too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* at 241 (quoting *Spencer v. Kemna*, 523 U.S. 1, 17, 118 S.Ct. 978,

140 L.Ed.2d 43 (1998)). However, this is a narrow exception to be reserved only for "exceptional situations." *Id.* (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109, 103 S.Ct. 1660, 75 L.Ed.2d 675, (1983)).

In the case of preliminary injunctions, courts may deny injunctive relief for mootness when the requested relief can no longer be granted due to a change in circumstances. *See Bower v. Cannon,* 2018 WL 4204441, at *3 (D.N.J. Sept. 4, 2018) (denying as moot a preliminary injunction to restrain a prison from unconstitutional actions against a prisoner when the prisoner was no longer housed at the facility); *Scott v. Manenti*, 2016 WL 11679538, at *2 (D.N.J. Dec. 9, 2016) (denying as moot a preliminary injunction mandating proper medical treatment for plaintiff's injury when plaintiff had already received the relief requested); *Shapiro,* 2022 WL 16748733 at *2 (denying as moot a preliminary injunction requesting plaintiff's placement on a federal election ballot when ballots had already been mailed without the name).

Here, Plaintiffs' motion for a preliminary injunction and the vast majority of their briefing focus on relief against a convention which has already happened. In their motion, Plaintiffs state that they move for a preliminary injunction for two reasons:

> 1) the Defendants illegally sell the Convention tickets as this I write [sic] this Motion papers
> 2) if the 2023 World Korean Business Convention is held as scheduled, it could make the unknown Defendants including innocent infringers can be more than about 100,000 persons as estimated basing on the conventions held in the past

(ECF No. 17 at 3.) Plaintiffs also identify the urgency of the preliminary injunction as stemming from the fact that "the Convention already would have occurred and they would have unauthorizedly used the Plaintiffs' trademark, logo and likenesses." (*Id.* at 4.) As a result, Plaintiffs request temporary relief ending at "24:00 on October 14, 2023." (*Id.*)

7

Plaintiffs' motion for injunctive relief pertaining to the Convention does not qualify for the "capable of repetition" exception, as Plaintiffs will have ample time, if necessary, to bring a new motion for injunctive relief for the next convention, meaning that any future challenged action will not be "too short in duration to be fully litigated before the case will become moot." *Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd.*, 336 F.3d 211, 217 (3d Cir. 2003) (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam)). Therefore, Plaintiffs' motion for a preliminary injunction does not qualify for the "capable of repetition" exemption and is denied as moot. *See Seneca Res. Corp. v. Twp. of Highland, Elk Cnty., Pa.*, 863 F.3d 245 (3d Cir. 2017) (finding that "capable of repetition" exception did not apply where District Court would have sufficient time to rule on motion to intervene); *cf. Mazo v. New Jersey Secretary of State*, 54 F.4th 124, 135–36 (3d Cir. 2022) (finding a claim challenging the rejection of a slogan on a ballot was not moot given that a plaintiff would have to mount a challenge with less than two months' notice).

Plaintiffs claim they also requested broader injunctive relief pertaining to Defendants' websites. (ECF No. 40 at 2.) However, this is not apparent from the face of their motion. The brief focuses on, and only requests relief through the date of, the Convention. (*See* ECF No. 17 at 4.) Given that the Convention has now occurred, and the time limitation for Plaintiffs' proposed relief has now passed, the request to take down the websites is not adequately supported and is dismissed as moot.[2]

For these reasons, Plaintiffs' motion for a preliminary injunction is moot. Accordingly, Plaintiffs' motion for a preliminary injunction is **DENIED** as moot.

---

[2] Even if the Court reached the merits of the requested relief regarding the websites, Plaintiffs have not carried their burden of showing injunctive relief is warranted at this time.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' motion for a preliminary injunction is **DENIED**.

**Date: October 30, 2023**                   */s/ Brian R. Martinotti*
                                             **HON. BRIAN R. MARTINOTTI**
                                             **UNITED STATES DISTRICT JUDGE**